## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OFFIE L. HOBBS,

      Plaintiff,

vs.                                          Civ. No. 11-00627-JAP-CG

LAS CRUCES PUBLIC SCHOOLS,
LAS CRUCES PUBLIC SCHOOL BOARD, and
RALPH STAN ROUNDS, as Superintendent
Las Cruces Public School,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Defendants, Las Cruces Public Schools, Las Cruces Public School Board, and Ralph Stan Rounds, as Superintendent of Las Cruces Public Schools, argue that Plaintiff Offie Hobbs' Complaint fails to give Defendants notice of the claims against them and is so vague and ambiguous that Defendants cannot file a responsive pleading. Accordingly, Defendants move the Court to dismiss Plaintiff's Complaint without prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to enter an order compelling Plaintiff to file an amended complaint under Rule 12(e) of the Federal Rules of Civil Procedure.[1] Plaintiff, who was proceeding pro se at the time Defendants filed their Motion to Dismiss, has not filed a response to Defendants' motion.

On July 30, 2011, Plaintiff retained an attorney, and on August 1, 2011, Plaintiff moved

---

[1] Defendants filed their MOTION AND MEMORANDUM BRIEF IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT OR IN THE ALTERNATIVE, MOTION AND MEMORANDUM BRIEF IN SUPPORT OF MOTION TO DISMISS (Doc. No. 5) (Motion to Dismiss) on July 21, 2011. Plaintiff did not file a response.

the Court to either remand this case to state court or to issue a 90-day stay of the proceedings in federal court.[2] In the alternative, Plaintiff asks the Court to dismiss his case without prejudice so that he can fully exhaust all administrative remedies. Motion for Remand or Stay at 3. The Court has considered Defendant's Motion to Dismiss and Plaintiff's Motion for Remand or Stay, and the Court concludes that Plaintiff's Complaint should be dismissed without prejudice under Rule 12(b)(6).

## BACKGROUND

On May 5, 2010, Plaintiff filed a Charge of Discrimination with the New Mexico Human Rights Bureau, alleging discrimination on the basis of age, sex, and race, in violation of the New Mexico Human Rights Act and Title VII of the Civil Rights Act of 1964. *See* NOTICE OF REMOVAL (Doc. No. 1) (Removal Notice), Ex. A, Pt. 2, at 11.[3] On September 9, 2010, Plaintiff filed an amendment to his initial Charge of Discrimination. *See id.*, Ex. A, Pt. 6, at 25. Although the amended Charge of Discrimination is not included in the exhibits filed by the parties, it appears from the record that, in his amended charge, Plaintiff alleged discrimination on the bases of disability and retaliation. *See id.*

On March 2, 2011, Plaintiff received a right-to-sue letter from the New Mexico Human

---

[2] Plaintiff filed a LIMITED ENTRY OF APPEARANCE; OPPOSED MOTION FOR REMAND TO STATE COURT AND MOTION TO VACATE PENDING FEDERAL DISTRICT COURT DEADLINES (Doc. No. 6) (Motion for Remand or Stay) on August 1, 2011. Defendants filed their RESPONSE IN OPPOSITION TO PLAINTIFF'S LIMITED ENTRY OF APPEARANCE; OPPOSED MOTION FOR REMAND TO STATE COURT AND MOTION TO VACATE PENDING FEDERAL DISTRICT COURT DEADLINES (Doc. No. 7) (Response to Motion for Remand or Stay) on August 15, 2011.

[3] On July 14, 2011, Defendants filed the Removal Notice and attached Plaintiff's Complaint, including the exhibits Plaintiff filed with his Complaint. The Court may consider exhibits attached to the Complaint when ruling on a Rule 12(b)(6) motion. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

Rights Bureau, stating that the agency had investigated discrimination on the bases of age, sex, race, disability, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, and the New Mexico Human Rights Act. *See id.* The right-to-sue letter informed Plaintiff that the agency found no probable cause to believe that discrimination had occurred and that Plaintiff could obtain judicial review of the agency's determination of no probable cause by filing an appeal in district court within ninety days. *Id.* at 27.

On June 13, 2011, Plaintiff, acting pro se, filed his Complaint in the Third Judicial District Court of the State of New Mexico, County of Doña Ana. On July 14, 2011, Defendants filed the Removal Notice, stating that Plaintiff's Complaint arises predominantly under federal law. Removal Notice at 2. On July 21, 2011, Defendants filed the Motion to Dismiss, arguing that Plaintiff's six-paragraph Complaint does not meet the requirements of Federal Rules of Civil Procedure 8(a)(2) and 10(b), fails to identify claims with sufficient clarity, and does not provide a prayer for relief. Motion to Dismiss at 1.

On July 30, 2011, Plaintiff retained attorney Gilbert J. Vigil, who entered what he characterizes as a limited appearance[4] in this case. On August 1, 2011, Mr. Vigil filed Plaintiff's Motion for Remand or Stay, explaining that on May 23, 2011, Plaintiff filed a second Charge of Discrimination with the New Mexico Human Rights Bureau, which is currently pending.[5] *Id.* at

---

[4] Under D.N.M.LR-Civ. 83.4(c) and New Mexico's Rules of Professional Conduct, Rule 16-303(E) NMRA, an attorney may not appear in a limited manner except by order of the Court.

[5] The record before the Court does not include a copy of Plaintiff's second Charge of Discrimination. Plaintiff states that his second Charge of Discrimination has the following case numbers in the state and federal agencies, respectively: NMHRB 11-05-23-019, and EEOC 39B-2011-01947.  Motion for Remand or Stay at 2.

2. Because Plaintiff has not yet exhausted all administrative remedies, *id.*, Plaintiff asks the Court to either (1) dismiss the case without prejudice, *id.* at 3; (2) remand the case to state court, *id.* at 1, 3, 5; (3) vacate all pretrial deadlines,[6] *id.* at 1, 4; or (4) stay the case for 90 days, *id.* at 5. Plaintiff also requests (1) a 20-day extension of time to provide a memorandum of points and authorities to accompany his Motion for Remand or Stay,[7] *id.* at 4; (2) additional time to file a response to Defendants' Motion to Dismiss, *id.* at 5; and (3) a hearing, *id.*

### DISCUSSION

Due to a number of infirmities in Plaintiff's six-paragraph Complaint, Defendants move the Court to dismiss the case without prejudice under Rule 12(b)(6). Defendants argue that Plaintiff's Complaint fails to state a claim for which relief can be granted and does not meet the requirements of Rule 8(a) or Rule 10(b) of the Federal Rules of Civil Procedure. *See Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989) (noting that a district court may dismiss a complaint under Rule 12(b)(6) if the complaint fails to comply with Rule 8(a)), *cert. denied*, 495 U.S. 930 (1990) .

Under Rule 8(a), a complaint must include

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 10(b) effectively elaborates on Rule 8(a)(2)'s "short and plain statement of the claim"

---

[6] No pretrial deadlines are currently set in this case.

[7] Plaintiff's Motion for Remand or Stay contains no citation to legal authority. And although the Motion for Remand or Stay refers to "Exhibit A," "Exhibit B," and "Exhibit C," no exhibits were filed with the Motion. *See* Motion for Remand or Stay at 2-4.

requirement by obligating a party to "state its claims. . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" *Id.*

In addition to satisfying the requirements of Rule 8(a) and Rule 10(b), a plaintiff's complaint must "state a claim upon which relief can be granted" in accordance with Rule 12(b)(6). In ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, legal conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A sufficient complaint generally will contain the "specific time, place, or person involved in the alleged" wrongdoing. *See id.* at 565 n.10. And the plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. In other words, dismissal of a complaint under Rule 12(b)(6) is proper where the plaintiff has failed to set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (citations omitted). The plausibility requirement serves two functions: (1) "to weed out claims that do not (in the absence

of additional allegations) have a reasonable prospect of success," and (2) "to inform the defendants of the actual grounds of the claim against them." *Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008).

Although the Court may dismiss a pro se party's complaint under Rule 12(b)(6) for failure to state a claim, the pleadings filed by a pro se party should be construed liberally. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). But while a pro se litigant's pleadings are held to less stringent standards, pro se litigants must nevertheless comply with the Federal Rules of Civil Procedure. *See Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 514 U.S. 1048 (1995). The Court is not obliged to craft legal theories for the pro se plaintiff or to supply factual allegations to support a pro se plaintiff's claim to relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Defendants agree that the Court should construe Plaintiff's Complaint liberally but argue that, even under a broad construction, Plaintiff's Complaint is so vague and ambiguous that Defendants do not have notice of the claims against them, cannot frame a responsive pleading, and do not know what relief Plaintiff is seeking. Specifically, Defendants argue that the Complaint is deficient in the following ways: (1) paragraph 1 of the Complaint states a legal conclusion but includes no supporting facts or applicable time frame, Motion to Dismiss at 6-7; (2) paragraphs 2-4 of the Complaint allege specific conduct by Superintendent Rounds but do not include the applicable time frame for the alleged conduct, preventing Defendants from determining whether Plaintiff's action is timely or whether Plaintiff has failed to exhaust his administrative remedies, *id.* at 7; (3) paragraph 5 of the Complaint appears to reference a grievance process but includes no reference to time, *id.* at 8; (4) the Complaint appears to bring actions for civil rights violations and breach of implied contract but fails to allege the facts

6

necessary to show that Plaintiff might be able to establish the elements of any legal claim to relief, *id.* at 6, 8; (5) the Complaint fails to make any direct allegations or allegations of vicarious liability against the Board of Education, *id.* at 9; and (6) the Complaint contains no prayer for relief, *id.* at 9.

The Court agrees with Defendants that Plaintiff's Complaint fails to meet the requirements of Rule 8(a) and Rule 10(b) and falls short of stating a plausible claim to relief under Rule 12(b)(6). "When a complaint such as this one fails to plead all elements of the cause of action, fails to plead any facts supporting the elements of the cause of action, and states the claim in a vague or ambiguous manner, the court may dismiss the complaint." *Cox v. Transunion, Inc.*, No. 03-4160-JAR, 2003 WL 22245323, at *2 (D. Kan. Sept. 26, 2003) (unpublished decision). Plaintiff's claims against Defendants are, therefore, subject to dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Accordingly, the Court concludes that Defendants' Rule 12(b)(6) Motion to Dismiss without prejudice will be granted, and Plaintiff's request for dismissal without prejudice will be granted. The Court will deny the other relief requested by Plaintiff and Defendants.

**IT IS ORDERED** that:

1.    Defendants' Rule 12(b)(6) motion to dismiss without prejudice (Doc. No. 5) is granted;

2.    Plaintiff's request for dismissal of his case without prejudice (Doc. No. 6) is granted;

3.    Defendants' Rule 12(e) motion for a more definite statement (Doc. No. 5) is denied;

4.    Plaintiff's motion for remand to state court (Doc. No. 6) is denied,

5.    Plaintiff's motion to vacate all pretrial deadlines (Doc. No. 6) is denied;

6.    Plaintiff's motion for a 90-day stay (Doc. No. 6) is denied;

7.      Plaintiff's request for a 20-day extension of time to provide a memorandum of points and

        authorities to accompany his motion is denied;

8.      Plaintiff's request for additional time to file a response to Defendants' Motion to Dismiss

        is denied; and

9.      Plaintiff's request for a hearing is denied.




_____

SENIOR UNITED STATES DISTRICT COURT JUDGE